PER CURIAM.
During their divorce hearing, a wife became aware that her husband had secretly tape-recorded telephone conversations between her and third parties. She gave a sworn statement to the state attorney’s office, and a formal criminal investigation commenced. A search warrant, authorizing the search and seizure of the husband’s *113 briefcase, was quashed by the trial court which found that the allegations in the application for the search warrant were insufficient to establish that the offending tapes were in the briefcase. We reverse.
The wife’s allegations can only be interpreted as her belief that the tapes were in the briefcase. She stated that one of the tapes, admittedly of her conversation recorded without her permission, was played on a recorder in the husband’s briefcase at the divorce hearing. The husband admitted he had seven more tapes. While they were both on the way to the continuation of that same divorce hearing, the wife observed the husband take out a tape and place it in that recorder in the briefcase. She heard more tapes “jiggle” in the briefcase. The only logical conclusion was that he was planning on playing yet another illegally recorded tape at the continuation of the hearing.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the court set forth the following “totality of the circumstances” standard to be used in determining whether probable cause exists:
[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate’s “determination of probable cause should be paid great deference by reviewing courts. ” ... “A grudging or negative attitude by reviewing courts towards warrants” ... is inconsistent with the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant ...
* * * * * *
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to insure that the magistrate had a “substantial basis for ... concluding] that probable cause existed..” (emphasis added).
Id. at 236, 238-239, 103 S.Ct. at 2331, 2332.
See also Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), overruled on other grounds in Illinois v. Gates.
The state also argues, and we agree, that even if this court approves of the trial judge’s findings as to the probable cause allegations, it was still error to grant the husband’s motion because of the good-faith exception:
The wrong condemned by the [Fourth] Amendment is “fully accomplished” by the unlawful search or seizure itself, and the exclusionary rule is neither intended nor able to “cure the invasion of the defendant’s rights which he has already suffered.” The rule thus operates as “a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.”
* * * * * *
[F]irst, the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion. Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate.
* * * * * *
[I]n short, where the officer’s conduct is objectively reasonable, “excluding the evidence will not further the ends of the exclusionary rule in any appreciable way ...”
* * * * * *
This is particularly true, we believe, when an officer acting with objective good faith has obtained a search warrant *114 from a judge or magistrate and acted within its scope. In most such cases there is no police illegality and thus nothing to deter.... In the ordinary case, an officer cannot be expected to question the magistrate’s probable-cause determination or his judgment that the form of the warrant is technically sufficient.... Penalizing the officer for the magistrate’s error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.
We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion.... “[Sjearches pursuant to a warrant will rarely require any deep inquiry into reasonableness,” for “a warrant issued by a magistrate normally suffices to establish” that a law enforcement officer has “acted in good faith in conducting the search.”
[[Image here]]
In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.
United States v. Leon, 468 U.S. 897, 906, 916, 920-22, 926, 104 S.Ct. 3405, 3411, 3417, 3419-20, 3422, 82 L.Ed.2d 677, 687, 694, 696-98, 700-01 (1984) (citations and footnotes omitted).
The husband asserts that this good-faith exception should not apply since the affiant policeman was the one who executed the warrant. However, in State v. Bernie, 472 So.2d 1243 (Pla. 2d DCA 1985), aff'd, 524 So.2d 988 (Fla.1988), the affiant also executed the warrant:
Indeed, Deputy Matosky did everything that was asked of him and acted with objective good faith; he conducted an independent investigation, submitted all information to the circuit judge for a probable cause determination, and obtained a facially valid warrant authorizing a search of the Bernies’ residence ... the benefits, if any, produced by suppressing the cocaine obtained in objectively reasonable reliance on the subsequently invalidated search warrant cannot outweigh the substantial societal cost of excluding the cocaine from evidence.
Id. at 1247-1248.
For all of the foregoing reasons, we, therefore, reverse this cause and remand for further proceedings.
REVERSED AND REMANDED.
HERSEY, C.J., and LETTS and WARNER, JJ., concur.